The next case is Jordan v. New York City Board of Elections. We'll hear first from Mr. Jordan. Yes, good day, Your Honor. May it please the Court. My name is Victor Jordan, and I'm the plaintiff's appellant in this matter. Your Honor, I would like to reserve two minutes for my time for rebuttal. This is an appeal from the district court denial of plaintiff's motion for preliminary junction directing the Board of Elections to place the plaintiff on the ballot for the June 23, 2020 primary election, or any alternative to schedule a special election in September or October to be in time for the general election in November. The key issue in this case is whether or not there is a, to quote the docket sheet, which is where the order was written, whether or not I or the plaintiff alleged specific facts demonstrated a likelihood of success on the merits. We believe that the plaintiff did. This is a case about retaliation against a candidate by a government body that is charged with overseeing the electoral process and also with treating all candidates with fairness and without favor. It all began back in 2018 primary election when our poll watchers observed employees of the Board of Elections stuffing ballots into a scanner. They were approached to ask why, what were they doing? And they were asked at least twice, and they had no answer. In addition, in that same poll station, the judge says- Judge Park, could I ask you about your current claims? I'm wondering what support there is for your theory that the board deliberately misled you about the filing deadline. My understanding is that the information was correct at the time because the deadline hadn't been changed until after you came and spoke to the staff. Your Honor, on the 16th of March, I went to the Manhattan branch of the Board of Elections and inquired about what would be the correct date. The people at the front desk went in the back and they tried to find out exactly what information they should give me, and they said they didn't know at this time. I was concerned to know the exact time, so I went to the Brooklyn branch. And again, what they did, which was normal, they went to make sure that whatever information they were providing was accurate. So I knew that the last day would be the 17th, and I returned on the 18th with the petition in my hand to file. Now, there was someone there. Again, I mentioned his name. His name is Paul. And I actually put the petition in his hand, and he rejected them, along with another employee. And they could have gone in the back to find out if it was correct, if they could say definitely. Look, I'm telling you that we will not, they made it clear we will not be accepting petitions until the end of the month, which is March 30th. They didn't say, well, we don't know. They made it clear that they did. And it so happened the next same day, a law was passed in Albany, Assembly Law 101-51, that said that the date to file petitions was from the 17th through the 20th, and which the appellee's petition on page five acknowledged that the date to file petitions began on the 17th. And the law that was passed in Albany on the 18th, again, indicated that it would be from the 17th to the 20th. So now, as I indicated in the brief, employees at the Board of Elections must hide if they're members of one of the two political bodies. It's a very politically sensitive job. They have information. In terms of comments about my case, on many occasions, I've been to the Board of Elections. Yes, Your Honor, you've reserved your time, your initial time is up. You've reserved two minutes for a vote. So we'll hear from Ms. Zalian next from the city. Good morning, Your Honors. May it please the Court, I'm Janet Zalian for the Board of Elections. Indeed, the district court properly held that the plaintiff failed to adduce facts to establish a substantial likelihood of success on the merits. In particular, to answer Your Honor's question, the information, if any, was provided during the business day on the 18th was correct. The record contains the calendar, both the original calendar, which translated the dates into calendar dates for that year and the calendar revised as of March 16th when the governor had established the 17th as the last date of petition. But the change in the filing dates was not enacted until after the business day on the 18th. And therefore, any information stating the original filing dates, which would be calculated according to election law 6-158, which was March 30th to April 2nd, was indeed correct when given. And therefore, there was no misrepresentation and no grounds to allege a misrepresentation in retaliation for a prior lawsuit. Does the court have any other questions for the board? If not, I will rest on my brief and ask that the order be affirmed. Thank you. Mr. Jordan, you have two minutes for rebuttal. Yes, thank you, Your Honor. In addition, Your Honor, on the 27th, I returned to the board of elections to look at the records of other candidates that have filed their petitions on time. I found a candidate which they did not file their petition in time. In fact, they filed their petition on the 23rd. Now, I was very surprised. So I text the candidate to inquire when they filed their petitions, and they text me back, indicating that they filed their petitions on the 23rd, which was after the deadline. So that forms our second claim of selective enforcement, because this candidate admitted in text that their petitions were filed late. Okay. So again, to show that it was not, there's two instances where the board retaliated against the plaintiff, and that was by giving the plaintiff a false date, telling the plaintiff with absolute certainty that the time would be the 30th, when they knew, if at all, that they couldn't say that, because they were not sure that the correct thing to do would be to, we don't know. We're not sure. Thank you, Your Honor. Okay, thank you. My time up? Do I have any more time? Yeah, so, yes. So again, the two instances of, they could have said it before, like, we're not sure. Come back tomorrow, or call, but they said with absolute certainty that the 30th would be the time. And on the 27th, from reaching out to that candidate, he indicated that his petitions were indeed filed late. Thank you, Your Honor. Thank you. We'll take the case under advisement. The remaining two cases, Ball v. Manhattan Democratic Party and Biswas v. Ruin are on submission. So that's it for today. I'll ask the courtroom deputy to adjourn. Court stands adjourned.